UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                 Criminal Case No. 04-80371

v.

                                                     HONORABLE DENISE PAGE HOOD

KEVIN IZZARD (D-1)
(a/k/a JERMAINE MAXWELL),

    Defendant.
_____/

## ORDER DENYING MOTION FOR AMENDMENT/ADDITION TO JUDGMENT

This matter is before the Court on Defendant Kevin Izzard's Motion for Amendment an/or Addition to Judgment of Commitment. On October 7, 2008, Kevin Izzard pled guilty to Count I of the Superseding Indictment, Conspiracy to Possess with Intent to Distribute 100 kilograms or more of Marijuana, in violation of 21 U.S.C. §§ 846, 841(a). On February 18, 2010, the Court sentenced Izzard to 60 months of imprisonment. Izzard filed a notice of appeal on February 18, 2010 which was denied by the Sixth Circuit Court of Appeals on March 23, 2011. On September 13, 2010, Izzard filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, which the Court denied on January 31, 2011.

Izzard asserts in his current motion and letters to the Court that an added 12 months of halfway house/home confinement or supervised release to his sentence. Izzard claims he has exhausted his remedies with the Bureau of Prisons who continue to deny his request for home confinement, to be transferred back to FDC/FCI Milan and to attend a sentencing hearing at Oakland County, Michigan on a state charge.

A criminal defendant who is seeking to challenge the "execution" of a sentence by the Bureau of Prisons must file a writ of habeas corpus under 28 U.S.C. § 2241. In *United States v.*

*Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991), the Sixth Circuit held that a challenge to the *execution* of a sentence must be brought through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See also*, *Coleman v. United States*, 28 F.3d 1215 (6th Cir. Oct. 17, 1994)(unpublished) (1994 WL 573917); *Thomas v. Bogan*, 70 F.3d 1273 (6th Cir. 1995)(unpublished)(1995 WL 692987). The Attorney General through the Bureau of Prisons, not the district court, has the authority to grant credit for any time served. *United States v. Wilson,* 503 U.S. 329, 335 (1992); *United States v. Crozier,* 259 F.3d 503, 520 (6th Cir.2001). Only after a prisoner has exhausted his remedies through the Bureau of Prisons may the prisoner then seek judicial review pursuant to 28 U.S.C. § 2241. *Wilson,* 503 U.S. at 335; *McClain v. Bureau of Prisons,* 9 F.3d 503, 505 (6th Cir.1993).

As to Izzard's request to be transferred, the Court notes that the Bureau of Prisons determines the date of the expiration of a prisoner's term and the amount of time to be credited against the term of imprisonment. *See* 28 U.S.C. § 3624. This Court has no authority to determine that the term of imprisonment already served by Izzard and whether he is able to be transferred to another institution or to a halfway house. The Bureau of Prisons has the discretion to place a prisoner at its choice of institution while the prisoner is in its custody.

Accordingly,

IT IS ORDERED that the Motion for Amendments and/or Additions to the Judgment (**Doc. No. 147**) and letter requests (Doc. Nos. 146, 148 and 149) are **DENIED.**

Dated: February 5, 2013      S/Denise Page Hood
                                                              Denise Page Hood
                                                              United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 5, 2013, by electronic and/or ordinary mail.

<pre>
                              S/LaShawn R. Saulsberry                    
                              Case Manager
</pre>